**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3279-21

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

ONE NJ NEPTUNE 230
MANAGEMENT LLC, and
CHRIS RUSSELL,

    Defendants-Respondents,

and

JUNIOR M. MATHEO,

    Defendant.

_____

        Argued December 5, 2023 – Decided December 22, 2023

        Before Judges Rose and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Law
        Division, Monmouth County, Docket No. DC-008989-
        21.

        Robert J. Triffin, appellant, argued the cause pro se.

Shane P. Simon argued the cause for respondents (Saul Ewing, LLP, attorneys; Shane P. Simon, on the brief).

PER CURIAM

Plaintiff Robert J. Triffin appeals from a February 16, 2022 order, which granted summary judgment and dismissed with prejudice his claims against defendant One NJ Neptune 230 Management, LLC (NJ Neptune). We affirm.

We discern the relevant facts from the record. On July 9, 2021, NJ Neptune issued its employee, co-defendant Junior M. Matheo, a $1,125.43 payroll check from its JPMorgan Chase Bank (Chase) account. The same day, Matheo deposited the check into his PNC Bank account through a mobile electronic deposit. Matheo then indorsed[1] the check to Cash N Carry LLC, a check-cashing business, receiving a second payment. Four days later, Cash N Carry presented the check for payment, but Chase dishonored payment as a duplicate presentment.

On July 23, 2021, NJ Neptune issued Matheo a second payroll check for $838.06 from its Chase account, which he electronically deposited into his PNC

---

[1] N.J.S.A. 12A:3-204 defines "indorsement" as "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of negotiating the instrument, restricting payment of the instrument, or incurring indorser's liability on the instrument."

account. Matheo indorsed the check to Cash N Carry, again receiving a second payment. Chase denied payment to Cash N Carry as a duplicate presentment. Cash N Carry assigned the denied checks to Triffin.

In September, Triffin filed an action in the Special Civil Part seeking recovery of the dishonored check amounts, fees, and costs under N.J.S.A. 12A:3-414(b), obligation of drawer. Triffin attached copies of both dishonored and returned checks. Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted in lieu of an answer under Rule 4:6-2(e), arguing they did not owe any funds because the checks had been paid. Defendants attached the certification of Michelle Reitan, the Vice President of Shared Services for Aimbridge Employee Service Corporation, an affiliate of NJ Neptune, and copies of the cashed electronically-deposited checks. Triffin opposed the motion.

Reitan certified she had "firsthand knowledge of the facts and circumstances . . . having reviewed [the] records maintained in [NJ Neptune]'s ordinary course of business." Further, she attested that both payroll checks were deposited through "mobile deposit application[s]" and paid by Chase to PNC Bank. Thereafter, Chase dishonored the checks Cash N Carry presented for payment because they had been "previously honored."

3

On February 16, 2022, after hearing argument and issuing an oral decision, the motion judge entered an order granting summary judgment and dismissing Triffin's claims against defendants NJ Neptune and managing member Chris Russell. The judge converted the motion to "one for summary judgment," based on the submission of "the checks and the documents" outside of Triffin's complaint. After providing plaintiff "every reasonable inference," the judge found summary judgment was warranted because "the checks appended to the plaintiff's complaint each contained [i]ndorsements" after they had been previously "electronically deposited." Relying on Triffin v. SHS Group, LLC, 446 N.J. Super. 460 (App. Div. 2021), certif. denied, 252 N.J. 191 (2022), the judge found NJ Neptune established the "previously paid defense" under N.J.S.A. 12A:3-414(c) because the un-indorsed checks were electronically deposited first. The judge relied on the unrefuted copies of the electronically-deposited cashed checks, dishonored checks, and Reitan's certification finding that no material "issues of fact" were in dispute. The judge reasoned no "reasonable fact finder could find . . . [Triffin was] entitled to . . . payment on the dishonored check[s]" and "no further discovery would lead to any other conclusion." Triffin thereafter voluntarily dismissed claims against defendants Russell and Matheo.

On appeal, Triffin argues the judge erred in granting summary judgment because:  Neptune failed to demonstrate through admissible evidence, pursuant to N.J.R.E. 1001 or the Check Clearing for the 21st Century Act (Check Clearing Act), 12 U.S.C. § 5001-04, that the checks were "previously paid"; the produced dishonored checks did not meet the required definition of an accepted check pursuant to N.J.S.A. 12A:3-414(c); and the Supremacy Clause mandates that 12 U.S.C. § 5003 preempts the holding in SHS Group.

We review a motion judge's grant of summary judgment de novo.  Branch v. Cream-O-Land, 244 N.J. 567, 582 (2021).  We apply the same standard as the motion judge and "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact-finder to resolve the alleged disputed issue in favor of the non-moving party."  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  "We therefore must first determine whether, giving the non-moving party the benefit of all reasonable inferences, the movant has demonstrated that there are no genuine issues of material fact."  Walker v. Choudhary, 425 N.J. Super. 135, 142 (App. Div. 2012) (quoting Atl. Mut. Ins. Co. v. Hillside Bottling Co., 397 N.J. Super. 224, 230-31 (App. Div. 2006)).  A dispute of material fact is "genuine only if, considering the burden of persuasion

at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

A motion to dismiss may be converted to a motion for summary judgment where the "matters outside the pleading are presented to and not excluded by the court . . . and all parties [are] given reasonable opportunity . . . to present all material pertinent to such a motion." R. 4:6-2(e). Where "the motion was based upon evidence, including certifications, outside of the pleadings," the court applies the summary judgment standard. Roa v. Roa, 200 N.J. 555, 562 (2010).

Under New Jersey's version of the Uniform Commercial Code, Article 3 governs negotiable instruments, N.J.S.A. 12A:3-101 to -605, and Article 4 governs bank deposits and collections, N.J.S.A. 12A:4-101 to -504. N.J.S.A. 12A:3-414(b) provides, "If an unaccepted draft is dishonored, the drawer is obligated to pay the draft according to its terms at the time it was issued . . . . The obligation is owed to a person entitled to enforce the draft or to an indorser who paid the draft under [N.J.S.A.] 12A:3-415." However, "[i]f a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom

acceptance was obtained." N.J.S.A. 12A:3-414(c); see also SHS Group, 466 N.J. Super. at 467 ("Previous payment of a draft is a defense to enforcement.").

Triffin's argument that summary judgment was erroneously granted because NJ Neptune did not produce "legally admissible evidence" as required under N.J.R.E. 1002 or the Check Clearing Act, 12 U.S.C. § 5003, to demonstrate it "previously paid the two dishonored checks," is without merit. The judge appropriately considered the copies of the checks submitted. Triffin failed to demonstrate a "genuine question" of "authenticity" regarding the duplicate copies of the electronically deposited checks. See N.J.R.E. 1003. Under N.J.R.E. 1001(d) a "duplicate" is defined as: "a counterpart, other than an original, produced by the same impression as the original . . . or by means of photography." The judge also permissively relied on Reitan's certification, which she attested was on personal knowledge of banking records held in the normal course of business and, based on her review, the checks were deposited through "mobile deposit applications" and paid by Chase to PNC Bank.

Further, under the Check Clearing Act, we observe that Congress provided the Act's purpose was to: "facilitate check truncation by authorizing substitute checks"; "foster innovation in the check collection system without mandating receipt of checks in electronic form"; and "improve the overall efficiency of the

Nation's payment system." 12 U.S.C. § 5001(b). Triffin's argument that 12 U.S.C. § 5003(b) requires a "compliant copy" of a cashed check to state "[t]his is a legal copy of your check. You can use it the same way you would use the original check" to be admissible is without merit. The legal equivalence of a substitute check codified under the statute does not require an original check nor preclude admissibility of a copy of an honored check to establish a previous payment defense. Triffin's argument that the Check Clearing Act was "enacted" to provide "an objective mechanical test" to determine "whether a check [w]as paid" is unsupported by a plain reading of the stated legislative purpose.

Concluding 12 U.S.C. § 5003(b) is inapplicable, we need not further address Triffin's additional argument that 12 U.S.C. § 5003 preempts the holding in SHS Group, 446 N.J. Super. at 470, which elucidated that a previous payment defense under N.J.S.A. 12A:3-414(c), may be established through the production of a copy of defendant's check which "referenc[es] the electronic" deposit.

In summary, based on our de novo review of the record, we are satisfied the judge correctly granted summary judgment determining no material issues of fact disputed NJ Neptune was relieved from payment, under N.J.S.A. 12A:3-

414(c), as the checks were honored by Chase to PNC upon Matheo's mobile electronic deposit.

Triffin's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-3279-21